UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 16-CV-21386-FAM

BAYVIEW LOAN SERVICING, LLC, DAVID ERTEL, BRIAN E. BOMSTEIN, BRIAN E. BOMSTEIN, PA, ANTONIO CHIMIENTI, MICHAEL B. GUSS, ROBERT PONDOLFI, THOMAS CARR, LAWRENCE A. HALPERN, TABAS, FREEDMAN & SOLOFF, P.A., JOEL LLOYD TABAS, GARY M. FREEDMAN, AND STACEY F. SOLOFF,

    Plaintiffs,

v.

RANDAL THOMAS ROSADO,

    Defendant.
_____/

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs Bayview Loan Servicing, LLC, David Ertel, Brian E. Bomstein, Brian E. Bomstein, P.A., Antonio Chimienti, Michael B. Guss, Robert Pondolfi, Thomas Carr, Lawrence A. Halpern, Tabas Freedman & Soloff, P.A., Joel Lloyd Tabas, Gary M. Freedman, and Stacey F. Soloff ("Plaintiffs") move the Court for a preliminary injunction enjoining Defendant Randal Thomas Rosado ("Rosado") and his agents, servants, employees and attorneys from pursuing the relief he seeks in his *Notice of Fault and Enforcement of Liens Against Public Bonds for Continued Violations of 18 USC § 241, 18 USC § 242* in the International Court of Commerce or any other forum and from attempting to file or enforce any purported liens against Plaintiffs or their property. As good cause for the requested relief, Plaintiffs state:

1. **<u>Injunctive Relief is Warranted</u>**. The grounds supporting this motion are detailed and verified in *Plaintiffs' Verified Complaint for Declaratory Judgment and Injunctive Relief* [ECF 1] (the "Complaint") and the exhibits attached thereto, which Plaintiffs incorporate herein by reference[1].

2. Unless restrained, Rosado will continue his campaign of harassment directed at Plaintiffs. Unless restrained, Rosado will continue to pursue his meritless claims in the International Court of Commerce ("ICC"), a forum which has no jurisdiction over Plaintiffs or authority to render final determinations, and will seek to have the ICC enter a binding judgment in his favor, and use that fraudulent judgment as validation of fraudulent commercial liens. In addition, unless restrained, Rosado will continue to assert and seek to enforce fraudulent commercial liens against Plaintiffs' real and personal property.

3. **<u>Irreparable Harm.</u>** Plaintiffs will suffer immediate and irreparable injury, loss, and damage by reason of Rosado's actions, as more particularly described in the Complaint. The harm includes the potential cloud on Plaintiffs' property, negative credit ratings, and continuing distress and anxiety arising from Rosado's improper activities.

4. **<u>No Adequate Remedy at Law.</u>** Plaintiffs have no adequate remedy at law. Rosado's propensity to assert rights and claims against Plaintiffs that have no basis in fact or law and his attempt validate those putative rights and claims through forums lacking jurisdiction or authority demonstrates the lengths that he will go to perpetuate his campaign of harassment. Without an injunction, Plaintiffs have no recourse for stopping Rosado's improper and coercive activities.

---

[1] All terms not defined herein, shall have the same definitions as ascribed to them in the Complaint.

Page 2

TABAS, FREEDMAN & SOLOFF, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

5. **Plaintiffs Have Demonstrated a Strong Likelihood of Success on the Merits.**

As set forth and verified in the Complaint, there is no factual or legal basis for Rosado's asserted commercial liens and no legal means of compelling ICC arbitration where none of the Plaintiffs have agreed to resolution in that forum. And there is no basis for allowing Rosado to continue his campaign of harassment against Plaintiffs.

6. **Balance of Hardships Favors Injunctive Relief.** If the requested injunction is not granted, the irreparable harm to Plaintiffs would be considerable. They would need to contend with the very real possibility that the ICC will enter a judgment against them in the sum of approximately $9 million. They will need to contend with the very real possibility that Rosado will carry out his continuing threat of filing the judgment or recording his purported commercial liens and executing on the Plaintiffs' property. In contrast, if this preliminary injunction is granted, the injury, if any, to Rosado, would be inconsiderable. In fact, Plaintiffs cannot envision any injury Rosado could possibly incur in the event he is enjoined from continuing to pursue his campaign of harassment against Plaintiffs. Indeed, Rosado will continue to have the right to defend and assert his claims against Bayview in the NY Foreclosure Action.  Accordingly, Plaintiffs respectfully request that no bond or, alternatively, a nominal bond of $1.00 be required as security under Federal Rule of Civil Procedure 65(c).

7. **Injunction Would Not Disserve the Public Interest**. If issued, the requested preliminary injunction will not be adverse to the public interest as no public interest is implicated by Rosado's campaign of harassment against Plaintiffs. And "[w]here the public interest has little to add to the other preliminary injunction factors, it is not considered." *Apollo Techs. Corp. v. Centrosphere Indus. Corp.*, 805 F. Supp. 1157, 1212 (D.N.J. 1992). And if anything, the public interest would be served by granting the requested injunction, as a private "non-citizen"

Page 3

TABAS, FREEDMAN & SOLOFF, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

ought not to be allowed to cloak himself with manufactured claims and rights in retaliation against a mortgagee seeking to foreclose its interest in a court of competent jurisdiction.

8. **Hearing Requested.** Plaintiffs request the Court to fix a date for a hearing on this motion and to require Rosado to show cause on that date why this preliminary injunction should not be granted.

**WHEREFORE**, Plaintiffs respectfully request the Court (1) set a hearing on this motion as soon as the Court's calendar allows, (2) issue a preliminary injunction enjoining Defendant Randal Thomas Rosado ("Rosado") and his agents, servants, employees, and attorneys from pursuing the relief he seeks in his *Notice of Fault and Enforcement of Liens Against Public Bonds for Continued Violations of 18 USC § 241, 18 USC § 242* in the International Court of Commerce or any other forum and from attempting to file or enforce any purported liens against Plaintiffs or their property; (3) order that no bond or, alternatively, a nominal bond of $1.00 be posted under Federal Rule of Civil Procedure 65(c); and (4) grant any further relief the Court deems appropriate.

Date:  May 16, 2016

Respectfully submitted,

/s/ Gary M. Freedman
Gary M. Freedman
Florida Bar No. 727260
Tabas, Freedman & Soloff, P.A.
*Attorneys for Plaintiffs*
One Flagler Building
14 Northeast First Avenue - Penthouse
Miami, Florida 33132
Telephone:  (305) 375-8171
Facsimile:  (305) 381-7708
E-mail:  gfreedman@tabasfreedman.com

Page 4

TABAS, FREEDMAN & SOLOFF, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171